# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WAYNE SKINNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-CV-640-JED-JFJ ) |
| ROBIN LIVINGSTON, Administrator, Craig County Jail; HEATH WINFREY, Craig County Sheriff, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 28, 2017, Plaintiff Michael Wayne Skinner, an inmate at the Craig County Jail (CCJ), Vinita, Oklahoma, filed a *pro se* 42 U.S.C. § 1983 civil rights complaint (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 2). By Order filed December 7, 2017 (Doc. 4), the Court granted Skinner's motion to proceed *in forma pauperis*, identified deficiencies in the complaint, and provided Skinner an opportunity to submit an amended complaint to cure those deficiencies. Skinner filed an amended complaint (Doc. 6) on December 18, 2017, and paid an initial partial filing fee on January 3, 2018 (Doc. 7). For the reasons discussed below, the Court finds that the amended complaint shall be dismissed for failure to state a claim upon which relief may be granted.

I. **Screening/Dismissal standards**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a

preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *see also id.* § 1915(e)(2)(B). The court must identify any cognizable claim and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from such relief. *Id.* §§ 1915A(b), 1915(e)(2)(B). The court applies the same dismissal standard under the PLRA as it uses in reviewing a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under this standard, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). But "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the complaint should be dismissed. *Id.* at 558.

Additionally, when a plaintiff appears *pro se*, the court must liberally construe the complaint. *Kay*, 500 F.3d at 1218. This means "that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, a *pro se* plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. **Amended complaint fails to state a claim upon which relief may be granted**

Skinner brings this action under § 1983. "The two elements of a Section 1983 claim are

(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). In his amended complaint, Skinner names two defendants: (1) Robin Livingston, the CCJ's administrator, and (2) Craig County Sheriff Heath Winfrey. Doc. 6 at 1. Skinner claims that Livingston and Winfrey, acting under color of state law, committed "Medical Negligence" when they "[f]ailed to approve or get appropriate medical services in do [sic] time for medical care." *Id.* at 1-2.

In support of his claim, Skinner alleges the following facts. In June or July 2017, Deputy Frank Nellen transported Skinner to the Cherokee Nation Vinita Clinic for an x-ray.[1] *Id.* at 2-3. The x-ray revealed that Skinner's left arm was broken. *Id.* On August 9, 2017, and again on October 31, 2017, Deputy Nellen transported Skinner to the Orthopedic Center in Tulsa for additional x-rays. *Id.* at 3. In his request for relief, Skinner seeks "aid or comfort for which the process be forwarded to operation and punitive damages [and] liability damages." *Id.* at 4.

Liberally construed, Skinner's amended complaint appears to assert one § 1983 claim: that Livingston and Winfrey, acting under color of state law, deprived him of his Eighth Amendment right to adequate medical care. Under the Eighth Amendment, jail officials must, *inter alia*, "ensure that inmates receive adequate . . . medical care." *Farmer v. Brennan*, 511 U.S. 825, 832

---

[1] Skinner also states in his amended complaint that he will send the Court "paperwork from the Cherokee Nation Clinic" to further support his claim. Doc. 6 at 3. To date, the Court has not received any additional paperwork.

(1994). To state an Eighth Amendment violation based on denied or delayed medical care, an inmate must plausibly allege that the prison official acted with "deliberate indifference to [the inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate-indifference claim has both an objective and a subjective component. *Farmer*, 511 U.S. at 834.

To satisfy the objective component, an inmate must allege facts supporting that his or her "medical need was objectively sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition 'has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Al-Turki v. Robinson*, 762 F.3d 1188, 1192-93 (10th Cir. 2014) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)). If the inmate alleges a harm caused by delayed treatment, the inmate must allege facts supporting that "the delay resulted in substantial harm." *Oxendine*, 241 F.3d at 1276. The Tenth Circuit has "held that the substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Al-Turki*, 762 F.3d at 1192 (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

To satisfy the subjective component, the inmate must allege facts supporting that the prison official who denied or delayed adequate medical care "acted or failed to act despite [the official's] knowledge of a substantial risk of serious harm" to the inmate's health. *Farmer*, 511 U.S. at 842. To make this showing, the inmate must plausibly allege that the official "kn[ew] of and disregard[ed] an excessive risk" to the inmate's health. *Id.* at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of

4

serious harm exists, and [the official] must also draw the inference." *Id.* "A prison [official] who serves 'solely . . . as a gatekeeper for other medical personnel capable of treating the condition' may be held liable under the deliberate indifference standard if [the official] 'delays or refuses to fulfill that gatekeeper role.'" *Mata*, 427 F.3d at 751 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)).

Even granting Skinner the benefit of liberal construction afforded to *pro se* litigants, *see Hall*, 935 F.2d at 1110, the Court finds that the amended complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. First, to the extent Skinner alleges that one or both defendants denied him adequate medical care, he fails to state a claim. Skinner's allegation that his first x-ray in June or July 2017 revealed a broken arm states a "sufficiently serious" medical need and satisfies the objective component of a deliberate-indifference claim. *See Al-Turki*, 762 F.3d 1192-93. But Skinner's remaining allegations demonstrate that he cannot satisfy the subjective component. Significantly, Skinner alleges that after he was diagnosed with a broken arm, Deputy Nellen twice transported Skinner to the Orthopedic Center in Tulsa for additional x-rays. Doc. 6 at 2-3. Thus, Skinner cannot plausibly allege that either Livingston or Winfrey "kn[ew] of and disregard[ed] an excessive risk" to his health by denying him adequate medical care. *See Farmer*, 511 U.S. at 837.

Second, to the extent Skinner alleges that one or both defendants delayed his treatment, he also fails to state a claim. Though not entirely clear, Skinner's amended complaint seems to allege that one or both defendants failed to timely authorize an operation for his broken arm. *See* Doc. 6 at 2 (alleging the defendants failed "to submit their authority or judgement for medical services"

and "failed to approve or get appropriate medical services in do [sic] time for medical care"); *id.* at 4 (requesting that "the process be forwarded to operation"). As a preliminary matter, nothing in Skinner's amended complaint suggests, let alone supports, that a medical professional has actually recommended surgery for his broken arm. *See* Doc. 6, generally. And the Court finds it would be unreasonable to infer such a factual allegation solely from Skinner's request that "the process be forwarded to operation." *Id.* at 4. *See Whitney*, 113 F.3d 1173-74 (noting that courts liberally construe *pro se* pleadings but are not required to "supply additional factual allegations to round out a plaintiff's complaint"). Instead, the most reasonable reading of the amended complaint tends to support that a medical professional recommended periodic follow-up x-rays to monitor the healing of Skinner's broken arm, and that the defendants have transported Skinner from the jail to a medical office so he can receive medical care. *See* Doc. 6 at 2-3. But even if the Court assumes (1) that a medical professional has recommended an operation, and (2) that one or both defendants failed to timely authorize that operation, Skinner's amended complaint does not allege any "substantial harm" resulting from the delay. *See Al-Turki*, 762 F.3d at 1192 (providing examples of substantial harm); *Sealock*, 218 F.3d at 1210 ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."). Thus, the Court cannot reasonably read the amended complaint as stating a plausible deliberate-indifference claim against either defendant based on an alleged delay in treatment.

Because the amended complaint fails to state a claim upon which relief may be granted, the Court finds that the amended complaint shall be dismissed without prejudice. *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

**III.     First "prior occasion" under 28 U.S.C. § 1915(g)**

As noted, the Court granted Skinner leave to proceed *in forma pauperis*. In addition, the Court has concluded that Skinner's amended complaint fails to state a claim upon which relief may be granted and should therefore be dismissed without prejudice. *See id.* §§ 1915A(b)(1), 1915(e)(2)(B)(ii). As a result, the Clerk of Court shall flag this dismissal as Skinner's first "prior occasion" for purposes of § 1915(g). *See id.* § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Skinner's amended complaint (Doc. 6) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to flag this dismissal as Skinner's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. A separate Judgment shall be entered in this matter.

ORDERED this 26th day of February, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE